T.C. Memo. 1999-64


UNITED STATES TAX COURT


WILLIAM C. WITZEL AND GENE E. WITZEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6592-97.                         Filed March 4, 1999.


<u>Wayne A. Cooper</u>, for petitioners.

<u>John Q. Walsh</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$602,119 in petitioners' 1993 Federal income tax.

After concessions,[1] the sole issue for decision is whether discharge of indebtedness (COD) income excluded under section 108(a) from the gross income of an S corporation passes through to the shareholder of the S corporation as an item of income under section 1366(a)(1)(A) and consequently increases the basis of the shareholder's stock in the S corporation under section 1367.[2]

The parties submitted this case fully stipulated. Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Sandwich, Illinois.

Background

At all relevant times, petitioner[3] was the sole shareholder of Water Products Co. of Illinois, Inc. (Water Products), an S corporation. In 1991, Water Products declared bankruptcy under chapter 11 of the Bankruptcy Code.

In 1992, Water Products realized COD income under section 61(a)(12) in the amount of $5,404,323. As a result of its

---

[1] Petitioners concede that respondent's adjustments to their itemized deductions, deduction for exemptions, and alternative minimum tax are correct if the Court concludes petitioners are not entitled to increase the basis in their S corporation stock.

[2] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] References to "petitioner" are to William C. Witzel.

bankruptcy, Water Products excluded the COD income from its gross income.

In 1992, petitioner had suspended losses (under section 1366(d)) from Water Products in the amount of $2,964,481 and a zero basis in his Water Products stock before considering the effect of the excluded COD income.

For 1993, petitioners filed a joint Federal income tax return. On the return, petitioners increased the basis in the Water Products stock by the amount of the excluded COD income ($5,404,323). As a result of the increased basis, in 1993, petitioners deducted suspended losses of $2,549,251.

Discussion

Petitioners argue that they were entitled to increase their basis in Water Products stock by their share of the excluded COD income. In Nelson v. Commissioner, 110 T.C. 114 (1998), we held that COD income excluded by section 108(a) did not pass through to an S corporation shareholder under section 1366(a)(1)(A); therefore, the S corporation shareholder could not increase his basis in the stock under section 1367(a)(1).

Petitioners do not distinguish this case from Nelson. Petitioners, however, contend that in Nelson we failed to consider the following legal issues: (1) The reduction of tax attributes dictated by section 108(b) is an alternative to taxation and does not mean that excluded COD income is not tax-

exempt, (2) Congress' intent to treat all shareholders in S corporations similarly under section 108(d)(7), and (3) the dissimilarity in treatment between section 103 (exclusion of State bond interest from gross income) and section 108.  We disagree with petitioners.  In <u>Nelson</u>, we addressed all of these arguments in detail.  <u>Nelson v. Commissioner</u>, <u>supra</u> at 122-125.

We shall follow our recent Court-reviewed opinion.  We therefore conclude that petitioners may not increase their basis in the stock by the amount of the excluded COD income.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.